Richard S. Heller, J.
All of these claims arise from a two-car accident which occurred on September 7, 1958, at about 6:00 p.m., when the car owned and operated by claimant Jane Pace in a westerly direction on Route 17, a State highway, went out of control and crossed over into the eastbound lane immediately in front of a car owned and operated by Gerald T. Bowes. Esther M. Bowes, Clayton Jacobson, and Wilma Jacobson were passengers in the Bowes car. Both cars were damaged and all claimants were seriously injured.
Claimant Jane Pace was driving her 1953 Chevrolet two-door sedan from Owego to Nichols to visit her sister. As she proceeded at 35-45 miles per hour on her right side of the road up a long hill known as the Devil’s Elbow Hill, the visibility was good. It had been raining earlier but the rain had stopped, leaving the pavement wet in spots. Suddenly, she felt a bump, and the steering wheel was pulled from her hands. Her car instantly pulled to the left, shot directly across the highway into the path of the Bowes car, and the collision occurred.
It is the contention of claimant Jane Pace that her car dropped into a hole on the north side of the pavement and caused her to lose control of the car.
Claimant Gerald F. Bowes was driving easterly on Route 17 and was descending the hill at a speed of approximately 30 miles per hour. He was on his right side of the road when the Pace car came across the highway in front of him. He had no opportunity to stop before the collision occurred.
Route 17 is the main State highway of southern New York running from New York City to western New York. It is established by the State’s own witness that this highway carried a heavy truck load and that it was a main artery of traffic. The highway is 20 feet in width with a bituminous top composition placed over a concrete base. The hill was one half mile long and the alignment from the top of. the hill to the bottom was nearly straight.
It is established that the north edge of the highway was jagged, rough and uneven, and that adjacent to the edge were holes which seemed to be in the paved portion of the highway and immediately in front of the paved portion when it cut back into a narrower highway. It is also established that the shoulder *774 adjacent to the broken north edge of the highway was 4 to 4% inches lower than the highway. It is further established that the condition of the north edge of the highway and the condition of the shoulder of the highway existed for a period of several months. It is also established that the ragged, uneven north edge of the highway extended the full length of the hill. It is established that the blacktop was paved beyond the original concrete base and that this paving had settled toward the dirt shoulder.
Since the condition of the highway and shoulder had been the same for several months, it is the conclusion of the court that the State knew or should have known of this condition. The fact that the entire north edge of the highway was broken and irregular for one half mile up this steep grade on a heavily traveled road indicates a lack of inspection and maintenance.
Claimant Jane Pace was driving near the north edge of the pavement and had a right to expect that the paved portion of the highway was safe for travel and that the shoulder was available for emergency use. The court can visualize circumstances where a broken pavement or a jagged pavement or an irregular edge of the highway or a slanting paved adjunct to the main highway or a depressed shoulder might be insufficient to charge negligence, but where you have a combination of all of these conditions present at one time the conclusion of negligence is inescapable.
The court finds that claimant Jane Pace was not guilty of any negligence which contributed to the accident. It is true that it was light and the road was straight and that if she had nothing else to do she might have observed the holes in the road. However, with a wet pavement and shoulder there is less visual distinction of highway edges and shoulders. Claimant Pace had an additional job in observing east-going, fast-moving traffic, consisting of cars and tractor-trailers, on a steep hill with which she had limited knowledge. The court also finds that the other claimants were free of any contributory negligence.
It is the opinion of the court that the negligence of the State in the care and maintenance of this highway was the sole proximate cause of the accident.
As a result of the accident, claimant Jane Pace, then 28 years of age, suffered personal injuries including severe shock, a concussion, lacerations of the face and the right thigh, injury to the right kidney which resulted in internal bleeding, fracture of the tenth and eleventh ribs on the right side, and multiple fractures of the pelvis. She was confined to the hospital for *775 43 days and was totally disabled 12 weeks. As a result of the fractures of the pelvis, the bone has a permanent deformity which could well cause difficulty for Miss Pace in future years. Her special damages amount to $2,546.66 and include $600 for lost wages and $700 stipulated damages to her automobile. Claimant Pace is entitled to an award in the sum of $13,500 for all damages, past, present and future.
Claimant' Gerald Bowes, 59 years of age at the time of the accident, was in good health at that time. His employment involved bending over, squatting, lifting, and required him to be on his feet throughout the day. His injuries consisted of a comminuted fracture of the right knee which necessitated the removal of the patella. Claimant also had fractures of the fourth, fifth, and sixth ribs on the right. There were other injuries of a minor nature. He was hospitalized until September 20 and was disabled until January 7, 1959, when he returned' to work' after losing 18 weeks. It is indicated that there is a permanent atrophy of the right thigh with limitation of flexion and range of motion of the knee. The special damages for Gerald Bowes individually amount to $2,363.70 and include lost wages in the amount of $900, the stipulated damage to the car of $250 and the balance of $1,213.70 in medical and hospital bills. In addition, Gerald expended for Mrs. Bowes and is entitled, therefore, to special damages in the amount of $1,169.90. Claimant is entitled to an award in the sum of $16,000 for all damages, past, present and future.
Esther M. Bowes, the wife of Gerald Bowes, was 50 years of age at the time of the accident. She was in good physical condition and health prior to that time. Her injuries consisted of multiple injuries of the head, face, right arm and right leg. Head injuries other than a concussion consisted of swelling with ecchymosis, a laceration' of the lower lip and over the right mandible. Bight arm injuries consisted of a transverse fracture of the radius and an oblique fracture of the ulna. These fractures required surgical treatment using two steel pins to assist in healing which were ultimately removed on October 24, 1959. Claimant suffered a severe laceration in the forepart of the right leg which has left a permanent scar. Her present complaints are of pain with weakness and limitation of motion in the right arm. Prior to the accident she had been employed, but at the time of the accident she was receiving unemployment insurance. It is reasonable to assume that she would have found employment if she had not been injured. She was totally disabled for about 55 weeks and partially disabled for some time *776 thereafter. Her lost wages are estimated by the court at $2,600. Claimant is entitled to an award in the sum of $10,000 for all injuries and damages, past, present and future.
Wilma Jacobson suffered a compression fracture of the fourth lumbar vertebra with tearing of the muscles and ligaments and Colies’s fracture of the left wrist. She was hospitalized for 17 days and wore a body cast until November 12, 1958. Prior to the accident she was in good health excepting for an arthritic condition of the spine which, according to medical testimony, was nonpainful and nonsymptomatic before the accident. The injury to the back has aggravated this pre-existing condition. Wilma. Jacobson, the wife of Clayton Jacobson, did all of the housework for their home. Since the accident, she has been unable to do the heavy work and complains of continued pain. Claimant Wilma Jacobson is entitled to an award of $7,500 for all injuries, past, present and future.
Clayton Jacobson, 61 years of age, was seated in the front seat of the Bowes car. At the time of the impact he was thrown against the windshield with sufficient force to break it. He sustained multiple and severe lacerations of the forehead and face and a cerebral concussion, a transverse fracture of the left humerus, a transverse fracture of the left radius, and a fracture of the navicular bones of the left wrist. All of the fractures had complications far exceeding a simple fracture. Surgical assistance was needed in the reduction of the two fractures and steel pins were placed in the left arm. These pins were removed in January of 1959. He was disabled and unable to work as a foreman for the Endicott Johnson Shoe Corporation for the period of one year and one day and lost wages amounting to $4,412.50. Claimant’s lacerations and cuts of the forehead, temple, and face required 75 sutures to repair. The scars received as a result of this accident will require additional surgery and will involve the expense of hospitalization, medical fees, and lost wages in the amount of $664. The medical and hospital bills incurred by the claimant individually amount to $3,877.29. The medical bills incurred for his wife and for which he is entitled to recover amount to $1,009.10. In all, special damages amount to $9,862.89. Claimant has lost a substantial use of his left arm and hand because of these injuries; he also suffers from severe headaches and weakness in the left hand and arm. Claimant Clayton Jacobson has been additionally damaged by the loss of services of his wife, Wilma Jacobson, who was injured in the same accident. Claimant is entitled to an award in the sum of $35,000 for all damages, past, present and future.
*777 The claims were duly filed and have not been assigned.
The following is a recapitulation of the disposition of the claims:
Claim No. 36152, Gerald F. Bowes, Claimant, against the State of New York. Claimant is entitled to a judgment in the amount of $16,000.
Claim No. 36153, Esther M. Bowes, Claimant, against the State of New York. Claimant is entitled to a judgment in the amount of $10,000.
Claim No. 36297, Jane E. Pace, Claimant, against the State of New York. Claimant is entitled to a judgment in the amount of $13,500.
Claim No. 36321, Clayton Jacobson, Claimant, against the State of New York. Claimant is entitled to a judgment in the amount of $35,000.
Claim No. 36322, Wilma Jacobson, Claimant, against the State of New York. Claimant is entitled to a judgment in the amount of $7,500.